NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEJON D. WHITE,<br><br>          Plaintiff-Appellant,<br><br>     v.<br><br>STATE OF CALIFORNIA, (California Department of Corrections and Rehabilitation); et al.,<br><br>          Defendants-Appellees. | No.   17-17143<br><br>D.C. No. 5:15-cv-03521-EJD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted January 18, 2019
San Francisco, California

Before:  WALLACE, CLIFTON, and FRIEDLAND, Circuit Judges.

Dejon White appeals from the district court's summary judgment in his

employment discrimination action under 42 U.S.C. § 1981 and California state law

against various individual correctional officers (collectively, "Defendants").

White, who is an American of African descent, alleges that he suffered discipline

---

          *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

amounting to an adverse employment action during his employment as a correctional officer with the California Department of Corrections and Rehabilitation, and that the discipline was motivated by race discrimination and by retaliation for protected activity. We affirm the district court's summary judgment in favor of Defendants.

In evaluating claims of discrimination and retaliation under 42 U.S.C. § 1981, we apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Here, even assuming that White established a prima facie case of discrimination and retaliation, he has failed to present evidence from which a jury could conclude that the Defendants' legitimate, nondiscriminatory reasons were pretextual. Defendants introduced undisputed evidence that White was ordered to cover Officer Vanessa Polanco's post, that White told Sergeant Warren he was ill and was then instructed by Sergeant Warren to go to the Correctional Treatment Center ("CTC") to complete a form for a medical report of injury before leaving, that White objected to the process during his meeting at CTC, and that White refused to fill out the form and eventually left work without doing so. Defendants proffered a legitimate, nondiscriminatory reason for White's discipline: that he disobeyed superior officer Sergeant Warren's direct order. The burden therefore shifted back to White to demonstrate pretext.

White failed to present "specific and substantial" evidence of pretext. *See*

2

*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). For example, White argues that another employee, Officer Polanco, was allowed to leave for medical reasons but not required to fill out the form or subjected to any discipline. Being required to fill out the form did not itself constitute an adverse employment action. Nor was White disciplined for failing to fill out the form. Rather, he was disciplined for disobeying the order to fill out the form. As a result, he needed to present evidence that another employee outside of his protected class also disobeyed a direct order of comparable seriousness and was not disciplined for his or her actions. White has not presented such evidence, or anything else that supports his argument that the non-discriminatory reason for which he was disciplined was actually pretextual. White's argument that the difference in how Polanco was treated shows that Warren's order was itself unjustified ignores the fact that Polanco had already been pre-approved for informal time off, which she was permitted to use without filling out any form. We agree with the district court that White's other evidence that he contends shows pretext, including the alleged delay in investigation and timing of the adverse action, individually or collectively do not rise to the level of "specific and substantial" evidence. Because of his failure to present evidence of pretext, White's claims of both discrimination and retaliation under 42 U.S.C. § 1981 fail.

The district court's summary judgment in favor of Defendants is

3

**AFFIRMED**.